UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC<br><br>Plaintiff,<br><br>vs.<br><br>STROOCK & STROOCK & LAVAN, LLP, et al.<br><br>Defendant. | CASE NO. 2:22-cv-04829-MWF-RAO<br><br>**[PROPOSED] AGREED QUALIFIED PROTECTIVE ORDER**<br><br>First Am. Compl. filed: Aug. 2, 2022<br>Trial Date: Not set |

    This Agreed HIPAA-Qualified Protective Order is entered into by and among: Plaintiff Healthcare Ally Management of California, LLC (Plaintiff), and Defendant Stroock & Stroock & Lavan, LLP (Defendant) (collectively, the Parties, and each a Party).

    WHEREAS, the Parties to the captioned action (the Action) may engage in discovery, pre-trial, and trial proceedings, which include, among other things, taking depositions and producing documents; and

1

WHEREAS, those proceedings will necessarily involve the production of certain information that the Parties to the Action believe to be confidential and sensitive commercial, financial or business information and personal protected health information of the patient at issue in this case;

WHEREAS, upon consideration of the Parties' Joint Motion and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1),[1] the Court finds good cause to enter this Agreed Protective Order (Protective Order or Order).

It is hereby **AGREED** to and **ORDERED** that:

1. **Purpose and Scope.** This Order and any amendments or modifications hereto shall govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, responses to requests for documents, responses to subpoenas, hearing and/or trial testimony, hearing and/or trial exhibits, electronically stored information, and any other information or material produced, given, exchanged, or disclosed including any information contained therein or derived therefrom (Disclosed Materials) that may contain confidential information, including commercially sensitive or proprietary information deemed private under state and federal law, including but not limited to the Health Insurance Portability and Accountability Act of 1996 and regulations promulgated thereunder (HIPAA) and/or California law. Such information will be designated by a Party or non-party providing the Disclosed Materials (each a Producing Party) as containing or reflecting "Confidential Information," "Protected Health Information," or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order (collectively referred to as Protected Information).

2. **Confidential Information.** For purposes of this Order, "Confidential Information" means information comprised of confidential or proprietary technical,

---

[1] 45 C.F.R. § 164.512(e)(1) sets forth specific uses and disclosures of health information allowed in judicial and administrative proceedings.

scientific, financial, business, health, or medical information, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential. Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the Receiving Party unless that Party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

     **3.**     **Protected Health Information.** The Parties and their attorneys are hereby authorized to receive, subpoena, and transmit "Protected Health Information" of the patient at issue in this case to the extent and subject to the conditions outlined in this Protective Order. For purposes of this Order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Without limiting the generality of the foregoing, Protected Health Information includes without limitation health information, including demographic information, relating to: (a) the past, present, or future physical or mental health or condition of an individual; (b) the provision of health care to an individual; or (c) the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. "Protected Health Information" also includes without limitation medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from "Protected Health Information," regardless of form or format. "Protected Health Information" further includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member:

     a.     names;

    b.    all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    c.    all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

    d.    telephone numbers;

    e.    fax numbers;

    f.    electronic mail addresses;

    g.    social security numbers;

    h.    medical record numbers;

    i.    health plan beneficiary numbers;

    j.    account numbers;

    k.    certificate/license numbers; vehicle identifiers and serial numbers, including license plate numbers;

    l.    device identifiers and serial numbers;

    m.    web universal resource locators (URLs);

    n.    internet protocol (IP) address numbers;

    o.    biometric identifiers, including finger and voice prints;

    p.    full face photographic images and any comparable images; and

    q.    any other unique identifying number, characteristic, or code, except as permitted by 45 C.F.R. § 164.514(c).

"Protected Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Protected Health Information." The Parties and their attorneys and any future parties and their attorneys in this Action, and any third party or non-party, are hereby authorized to receive, subpoena, disclose, and transmit the Protected Health Information of the patient at issue in this case to the extent of and subject to the conditions outlined herein. This Order does not control or limit the use by a Party of Protected Health Information otherwise possessed by the Parties outside this Action. All Protected Health

Information provided to a Receiving Party shall be maintained securely, with adequate safeguards, as required by state and federal law, including HIPAA, by counsel of record.

**4. Confidential Attorney Eyes Only.** For purposes of this Order, "Confidential Attorney Eyes Only" information means information deemed especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information. Confidential Attorney Eyes Only Information does not include information that is already in the knowledge or possession of the Party to whom disclosure is made unless that Party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

**5. Designation of Information.** The designation of Protected Information for purposes of this Order shall be made in the following manner:

    a. In the case of documents and written discovery responses or other Disclosed Materials, by affixing the legend "CONFIDENTIAL," "CONFIDENTIAL - PROTECTED HEALTH INFORMATION," or "CONFIDENTIAL ATTORNEY EYES ONLY" to each page containing any Protected Information.

    b. In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "Electronic Data"), by designating the Electronic Data as Protected Information in a cover letter accompanying the production of the Electronic Data. Where feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduced Protected Electronic Data to hard copy form, it shall mark the hard copy with the appropriate designation. Whenever any Protected Electronic Data is copied, all copies shall be marked with the appropriate designation.

    c.    In the case of depositions or other testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record within fourteen (14) business days after receipt of the transcript of the testimony. If no such designation is made at the time of testimony or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only and as containing Protected Health Information), the entire transcript will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. The transcript will continue to be treated as containing Protected Health Information unless otherwise agreed to by the Parties. The Parties should attempt to prevent the disclosure of Protected Health Information in transcripts by redacting or substituting any individually identifiable information such as the patient name, address, date of birth, age, phone number, etc.

    d.    Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each Party to maintain materials containing Confidential Information, Protected Health Information, or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**6.** **Inadvertent Failure to Designate.** The inadvertent failure to designate or withhold any information as Confidential Information, Protected Health Information or Confidential Attorneys Eyes Only Information will not be deemed to waive a later claim as to its confidential nature either on the specific information disclosed or on any other

information relating thereto or on the same or related subject, or to stop the Producing Party from designating such information as Protected Information at a later date in writing and with particularity. The information must be treated by the Receiving Party as confidential from the time the Receiving Party is notified in writing of the change in the designation.

**7. Inadvertent Disclosure.** In the event of an inadvertent disclosure of another party's Confidential Information to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

**8. Challenge to Designations.** Any Party may challenge a Producing Party's designation of Confidential Information or Confidential Attorney Eyes Only Information at any time by giving written notice to the Producing Party that it objects to the designation. Such notice shall specifically identify the Disclosed Material at issue and state the reasons for questioning the designation. The objecting and Producing Party shall confer in good faith to resolve any such dispute. If the Parties are unable to resolve the dispute, the objecting party may apply to the Court for a ruling that the Disclosed Material is inappropriately designated, giving notice to the Producing Party. If such a motion is made, the Producing Party will have the burden to establish that the designation is proper. Until the Court rules on the motion, the documents shall be treated as originally designated. For avoidance of doubt, the Parties shall not challenge the designation of Protected Health Information that reasonably falls within the definition set forth in this Protective Order.

**9.** **Disclosure and Use of Designated Information.** Disclosed Material designated as Protected Information may only be used for purposes of preparation, trial, and appeal of this Action. Protected Information may not be used or disclosed under any circumstances for any other purpose.

    a. Subject to Paragraph 10 below, Confidential Information and Protected Health Information may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) employees of the Receiving Party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel of the Receiving Party; (c) outside counsel for the Receiving Party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; (f) any persons who furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) the Court, court reporters, videographers, stenographers, and court personnel; and (h) any other person ordered by the Court or agreed to in writing by the Parties. Each person identified in this paragraph to whom Protected Information is shown or to whom information contained in such materials is to be revealed (other than the Court and court personnel, in-house counsel, and outside counsel and supporting personnel employed by outside counsel) shall first be required to agree in writing to be bound by the terms of this Order, in the form attached as Exhibit A to this Order, and counsel employing such persons or making such disclosure to such persons shall retain that signed, written agreement.

      b.    Subject to Paragraph 10 below, Confidential Attorney Eyes Only Information may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the Receiving Party: (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; (d) any persons who furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (e) the Court, court reporters, videographers, stenographers, and court personnel; and (f) any other person ordered by the Court or agreed to in writing by the Parties.

**10.   Application of this Protective Order to Persons with Access to Protected Information.** Each person given access to Protected Information designated as such pursuant to this Order shall be advised that the Protected Information is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than as set forth in this Order.

**11.   Third-Parties; Copy of Protective Order Must Be Served With Any Subpoena.** In the event that a Party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order in writing to all Parties to the Action with respect to any Disclosed Material to be provided to the Requesting Party by the non-party. The term "Producing Party" encompasses not only the Parties to this Action but third parties who may disclose or produce information, e.g., in response to a subpoena. After this Order is entered by the Court, a copy of this Order shall be included with each subpoena served on any person or entity that is not a Party to this Action.

**12.   Previously Obtained Material.** Nothing in this Protective Order shall preclude any Party to this Protective Order or its attorney from showing Disclosed

Material designated as Confidential Information or Confidential Attorney Eyes Only Information to an individual who prepared, authored or received the Disclosed Material prior to the filing of this Action.

13. **Filing Protected Information with the Court.** Any Party wishing to submit any pleading, brief, memorandum, motion, letter, affidavit or other document filed with the Court that discloses, summarizes, describes, characterizes or otherwise communicates Protected Information must file such information under seal in accordance with the sealing procedures set forth in the Local Rules, unless another procedure is otherwise agreed to in writing by the Parties.

14. **Inadvertent Production of Privileged Material.** Nothing in this Protective Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other Disclosed Materials subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other Disclosed Materials it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. The terms of this Order shall apply to all Privileged Material produced

during the course of this Action, including materials produced prior to entry of this Order.

The production of documents and information shall not constitute a waiver in this Action, or any other litigation, arbitration, proceeding, or matter, of any privilege (including, without limitation, the attorney-client privilege and the attorney work product privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter. This Order encompasses an Order under Federal Rule of Evidence 502(d) that any privilege that may have been raised in documents produced in this Action is not waived as a result of disclosure of those documents in connection with this Action, and this Order governs all persons or entities in all state or federal proceedings, whether or not they were parties to this proceeding. The fact of production of privileged information or documents by any Producing Party in this Litigation shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

**15. Court Retains Jurisdiction.** This Protective Order shall survive the termination of this Action. This Court expressly retains jurisdiction over this Action for enforcement of the provisions of this Protective Order following the final resolution of this Action. Each person or entity to whom disclosure of any Disclosed Materials is made agrees to subject himself/herself/itself to the jurisdiction of the Court and, to the extent necessary to enforce this Protective Order.

**16. Return or Destruction of Protected Information.** Within sixty (60) calendar days after final judgment in this Action, including the exhaustion of all appeals, or within sixty(60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the Producing Party all materials and documents containing Confidential Information, Protected Health Information or Confidential

Attorney Eyes Only Information, and to certify to the Producing Party that this destruction or return has been done. However, outside counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

17. **No Prejudice.** Producing or receiving Protected Information or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any Party that any particular Confidential Information or Confidential Attorney Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

18. **Other Proceedings.** By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who may be subject to a motion to disclose another Party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19. **Modification of the Protective Order.** This Protective Order may be modified by further stipulation of the parties, subject to Court approval, and a Party may apply to the Court for relief from this Protective Order after giving notice to counsel of

record and conferring with opposing counsel in an effort to reach agreement on any proposed modification.

**20. No Waiver or Modification.** This Protective Order shall not be construed as, and does not constitute, a novation of any existing obligations of confidentiality a Party may owe another Party or otherwise by operation of law. To the extent they already exist, all such obligations remain in full force and effect notwithstanding this Protective Order.

**21. Violation of the Protective Order.** The Court shall have discretion to impose sanctions, including reasonable monetary fines, for violations of the provisions of this Order. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

**22.** Nothing in this Protective Order shall restrict or otherwise affect the admissibility of evidence under the federal rules.

**AGREED:**

| | |
|---|---|
| */s/ Jonathan A. Stieglitz* | */s/ Jonathan M. Herman* |
| Jonathan A. Stieglitz | Jonathan M. Herman |
| LAW OFFICES OF JONATHAN A. STIEGLITZ | JONATHAN M HERMAN, PC |
| 11845 W. Olympic Blvd., Ste 800 | 800633 West Fifth Street |
| Los Angeles, CA 90064 | 26th and 28th Floors |
| Tel: 323-979-6748 | Los Angeles, California, 90071 |
| | Tel: (214) 624-9805 |
| *Attorney for Plaintiff* | |
| | *Attorney for Defendants* |

SO ORDERED on December 9, 2022.

\_\_\_\_/s/_____
Hon. Rozella Oliver
United States Magistrate Judge

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC<br><br>Plaintiff,<br><br>vs.<br><br>STROOCK & STROOCK & LAVAN, LLP, et al.<br><br>Defendant. | CASE NO. 2:22-cv-04829-MWF-RAO<br><br>**AGREEMENT TO BE BOUND BY HIPAA-QUALIFIED PROTECTIVE ORDER**<br><br>First Am. Compl. filed: Aug. 2, 2022<br>Trial Date: Not Set |

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," "Protected Health Information" or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action (Protective Order), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

CONFIDENTIALITY AGREEMENT          PAGE 1

I agree not to use any Confidential Information, Protected Health Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as protected or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information, Protected Health Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information, Protected Health Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date